UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN PATRICK ODLE,

                Petitioner,           Case No. 2:21-cv-11936
                                            Hon. Denise Page Hood

v.

MATT MACCAULEY,

                Respondent.
_____/

**ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Justin Patrick Odle, a Michigan inmate incarcerated at the Bellamy Creek Correctional Facility, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges Odle's Emmet County, Michigan convictions.[1]

Under 28 U.S.C. § 2241(d), a state prisoner who seeks relief from a state court conviction must file his petition for writ of habeas corpus either in the federal district where he was convicted or in the district where he is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). A federal district court lacks jurisdiction to hear a state prisoner's habeas petition where the petitioner was not convicted, sentenced, or incarcerated within that district. *See Wadsworth v. Johnson*, 235 F. 3d 959, 962-63 (5th Cir. 2000).

---

[1] Odle's habeas petition does not list the county of conviction, but the Michigan Department of Corrections website indicates that Odle is being serving a term of imprisonment after pleading guilty to three offenses in Emmet County in 2019. See https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=652308

Petitioner was convicted in Emmet County, Michigan, and he is presently incarcerated at the Bellamy Creek Correctional Facility in Ionia County, Michigan. Both Emmet and Ionia Counties are in the Western District of Michigan. See 28 U.S.C. § 102(b)(1).

In the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819-820 (E.D. Mich. 1988); 28 U.S.C. § 1404(a). When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte*. *See Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

Because the place of Odle's conviction and incarceration are both located in the Western District of Michigan, and because venue is not proper in this District, the Court transfers the matter to the United States District Court for the Western District of Michigan. *See Young v. Horton*, No. 2:19-CV-12710, 2019 U.S. Dist. LEXIS 165853, 2019 WL 4732481 (E.D. Mich. Sept. 26, 2019).

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

                                                s/Denise Page Hood  
                                                United States District Judge

Dated: August 25, 2021